UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEALER COMPUTER SERVICES, INC.,

       Plaintiff,

Case No. 11-11526
Hon. Lawrence P. Zatkoff

v.

BEDFORD FORD LINCOLN-MERCURY, INC.,

       Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 28, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

On April 11, 2011, Plaintiff filed the instant cause of action to enforce an arbitration award. On May 5, 2011, Defendant filed a motion, in part seeking to dismiss Plaintiff's complaint for lack of service of process and/or to quash service of process (Docket #8). Plaintiff has since responded to Defendant's motion, and Defendant filed a reply. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that Defendant's motion be resolved on the briefs submitted.

### II. PARTIES' POSITIONS

The Court can briefly summarize the parties' positions regarding service of process as follows:

(1)  Plaintiff asserts that its process server attempted to serve Defendant's registered agent at the address of Defendant's officer, William Bratton, as listed on the Pennsylvania Business Entity Filing, 6895 Lincoln Highway, Bedford, PA 15522. The process server states that he was told that Mr. Bratton was not there and did not work at that address. Alternative locations were offered to the process server at that time and subsequently. Eventually, the process server served another person, Jason Walls on April 14, 2011, at a location roughly 90 miles from the Bedford address set forth above.

(2)  Defendant asserts that "service was not had on [Defendant] at 6895 Lincoln Highway, Bedford, PA 15522, as alleged in Plaintiff's Motion." Thus, Defendant argues that "the Court should quash service of process because Plaintiff did not properly serve an authorized agent of Defendant - namely William A. Bratton."

### III. ANALYSIS

The Court finds that Defendant is correct: "Plaintiff did not serve an authorized agent of Defendant - namely William A. Bratton." In fact, Plaintiff acknowledges that it did not do so. Accordingly, the Court concludes that Defendant's motion to quash service should be granted.

As Mr. Bratton is the individual Defendant identifies as the person Plaintiff should have served, it occurs to the Court that Plaintiff should have had little trouble serving Mr. Bratton. As is evident from Plaintiff's filings, however, Plaintiff was unable to do so even after exerting substantial resources because Defendant, through its employees, agents and/or others, interfered with Plaintiff's ability to properly serve Mr. Bratton. As such, the Court finds that the interests of justice weigh heavily in favor of granting Plaintiff an additional period of time for Plaintiff to effectuate proper service on Defendant in this case.

In order to eliminate any obstacles to Plaintiff effectuating proper service of the Summons and Complaint hereafter, the Court shall require Defendant to submit to the Court via ECF, on or before August 5, 2011: (a) the identity of the person who will accept service of the Summons and Complaint in this case, (b) three separate dates, each with a one-hour block of time, on which such

person will be available to accept service of the Summons and Complaint, provided that such dates shall be between August 8, 2011 and September, 2011, and such one-hour time blocks shall be between 9:00 a.m. and 5:00 p.m. EDT on Monday (excluding September 5, 2011), Tuesday, Wednesday, Thursday and/or Friday, and (c) the exact physical location (with street address) where such person will be available to be served. Plaintiff shall cause proper service to be made on the person identified by Defendant on one of the three dates identified by Defendant.

### IV. CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby ORDERS that:

1. Defendant's motion (Docket #8) is GRANTED IN PART, specifically, it is granted insofar as Defendant has moved the Court to quash the April 14, 2011, service of Plaintiff's Complaint on Jason Wall.

2. Defendant shall submit to the Court via ECF, on or before August 5, 2011: (a) the identity of the person who will accept service of the Summons and Complaint in this case, (b) three separate dates, each with a one-hour block of time, on which such person will be available to accept service of the Summons and Complaint, provided that such dates shall be between August 8, 2011 and September, 2011, and such one-hour time blocks shall be between 9:00 a.m. and 5:00 p.m. EDT on Monday (excluding September 5, 2011), Tuesday, Wednesday, Thursday and/or Friday, and (c) the exact physical location (with street address) where such person will be available to be served.

3, Plaintiff must properly serve the person identified by Defendant on one of the three dates, during the applicable one-hour time block, identified by Defendant.

IT IS SO ORDERED.

                                                S/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: July 28, 2011

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 28, 2011.

                                        S/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290